E-FILED
Monday, 13 July, 2026  09:41:48 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| MELVIN BROWN, ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | **Case No. 25-4160** |
| ) | |
| GREG DONATHAN *et al.*, ) | |
|     **Defendants.** ) | |

<u>**ORDER**</u>

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983, a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 3), and Motions for Status (Docs. 5, 6) filed by Plaintiff Melvin Brown, a resident of the Illinois Department of Human Services Treatment and Detention Facility ("TDF") under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq.*

I.    **Complaint**

    **A. Screening Standard**

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is

frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the complaint, the district court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

Plaintiff claims that Security Therapy Aids continue to conduct physical searches of TDF residents, which Plaintiff characterizes as unreasonable because TDF has working rapid scan machines. Plaintiff also notes that in each room there is a drain from which "bad odors" emanate each week, and that the air from the ventilation system smells of mildew. Plaintiff names TDF personnel Greg Donathan, Ashley Gregory, Sandra Ham, and Erin Posey, claiming they are responsible for maintaining TDF and ensuring resident safety. In this regard, Plaintiff claims TDF is a de facto prison.

### C. Analysis

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds

upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *see also Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017); *Aguilar v. Gaston-Camara*, 861 F.3d 626, 630 (7th Cir. 2017) ("[Section] 1983 does not establish a system of vicarious liability; a public employee's liability is premised on her own knowledge and actions, and therefore requires evidence that each defendant, through her own actions, violated the Constitution.").

Despite naming Defendants Donathan, Gregory, Ham, and Posey, Plaintiff does not provide any facts that demonstrate they were personally involved in depriving Plaintiff of a constitutional right. Additionally, Plaintiff does not state a claim regarding violations committed against other TDF residents. *See Ray v. Maher*, 662 F.3d 770, 773–74 (7th Cir. 2011) ("[Section] 1983 claims are personal to the injured party.") *see also Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (holding that a § 1983 claim is "entirely personal to the direct victim of the alleged constitutional tort . . . only the purported

victim, or his estate's representative(s), may prosecute a section 1983 claim").

As to Plaintiff's claim that he is residing in a prison setting, civil detainees "may be subjected to conditions that advance goals such as preventing escape and assuring the safety of others, even though they may not be punished." *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003). Detainees "may be assigned to prisons and covered by the usual institutional rules, which are designed to assure safety and security." *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003).

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amended pleading shall not exceed ten pages total and shall be the only exhibit appended to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must succinctly specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Rule 8 specifies what is required in the complaint: 'A pleading that states a claim

for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'") (quoting Fed. R. Civ. P.8(a)).

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

Plaintiff's Motions for Status (Docs. 5, 6) are moot with the entry of the Court's Order. Plaintiff's IFP Petition remains pending.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Status (Docs. 5, 6) are MOOT.**

2) **The Court DISMISSES Plaintiff's Complaint (Doc. 1) for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED July 13, 2025.

s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE